JS 44 (Rev 02/19) PBT  20-cv-1339

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
James Henry

### DEFENDANTS
Bucks County, PrimeCare Medical, Inc., Christopher A. Pirolli, Paul K. Lagana, John Doe #1-10

**(b)** County of Residence of First Listed Plaintiff: **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DeFino Law Associates, P.C. - Benjamin J. Simmons, Esq.
2541 S. Broad St., Philadelphia, PA 19148 - Ph: (215) 551-9099

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
Deliberate indifference to particular vulnerability to suicide

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P
**DEMAND $** $250,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 03/09/2020
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

MAR 9 2020

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE MAR - 9 2020

PBT

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

20-1339

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2541 S. Broad St Philadelphia, PA 19148

Address of Defendant: 1730 S. Easton Rd. Doylestown, PA 18901

Place of Accident, Incident or Transaction: Bucks County Correctional Facility

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/9/20   _____   314855
          Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☑ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify)* _____

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Benjamin S. Simmons, Esq. counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

MAR - 9 2020

DATE: 3/9/20   _____   314855
          Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

PBT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

James Henry : CIVIL ACTION
v. :
Bucks County, et al. : NO. 20-1339

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

3/9/20        Benjamin J. Simmons        Plaintiff
Date          Attorney-at-law            Attorney for

(215)551-9099  (215)551-4099  bsimmons@dpfinclawyers.com
Telephone      FAX Number      E-Mail Address

(Civ. 660) 10/02

MAR -9 2020

# UNITED STATES COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES HENRY : | |
|     Plaintiff, : | |
| : | No. |
| v. : | |
| : | |
| BUCKS COUNTY; PRIMECARE MEDICAL, : | COMPLAINT AND |
| INC.; CHRISTOPHER A. PIROLLI; PAUL : | <u>JURY DEMAND</u> |
| K. LAGANA; JOHN DOES 1-10 : | |
|     Defendants. : | |
| : | |

## <u>PLAINTIFF'S COMPLAINT IN CIVIL ACTION</u>

### PRELIMINARY STATEMENT

1. This action is brought under 42 U.S.C. §1983 for deprivation of Plaintiff's right to be free of cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution under the Fourteenth Amendment to the U.S. Constitution.

### JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

### PARTIES

3. Plaintiff James Henry is an adult individual who is at time of filing of this Complaint, and was at all times relevant to this action, an inmate confined at Bucks County Correctional Facility ("BCCF").

4. Defendant Bucks County a municipal governmental entity in the Commonwealth of Pennsylvania, which manages and oversees BCCF, which is located at 1730 South Easton Road, Doylestown, PA 18901.

5. Defendant PrimeCare Medical, Inc. ("PrimeCare"), which has a principal place of business at 3940 Locust Lane, Harrisburg, PA 17109, at all times relevant to this

action held a contract with Defendant Bucks County to provide all medical and mental health services to inmates at BCCF.

6. Defendant Christopher A. Pirolli was, at all times relevant to this action, the Director of Corrections for Defendant Bucks County, and was responsible for supervising BCCF and its agents, servants, and employees, and for enacting and promulgating policies for the supervision of the inmates therein.

7. Defendant Paul K. Lagana was, at all times relevant to this action, the Warden at BCCF, and was responsible for supervising BCCF and its agents, servants, and employees, and for enacting and promulgating policies for the supervision of the inmates therein.

8. Defendants John Doe #1 - 10 were, at all times relevant to this action, employees of Defendant Bucks County, and were responsible for supervising and directing the inmates at BCCF, for providing mental health services for the inmates at BCCF, and for complying with BCCF policies, practices, and procedures regarding mental health evaluation and treatment.

## FACTUAL ALLEGATIONS

9. It is well-recognized by professionals working in the correctional environment, including all Defendants in this matter, that prisoner populations include many persons with serious mental illness and specialized mental health needs.

10. It is additionally well-recognized by professionals working in the correctional environment, including all Defendants in this matter, that prisoners with mental health needs are at substantial risk of attempting suicide while incarcerated.

11. Professionals working in the correctional environment, including all Defendants in this matter, are aware of various recognized methods to mitigate the risk of suicide for a prisoner who presents with significant and acute risk factors, including, but not limited to, enhanced mental health interventions, such as evaluations by a psychiatrist, suicide risk assessments, and placement of the prisoner on suicide watch.

12. On March 1, 2018, Plaintiff was arrested by the Bensalem Township Police Department, charged with various offenses, and remanded to BCCF.

13. Plaintiff had previously suffered multiple head traumas and experienced psychological and mental health issues, for which he had previously been involuntarily committed for mental health treatment, of which Defendants were or should have been aware.

14. Within several days of Plaintiff's confinement to BCCF, he began experiencing insomnia and auditory hallucinations, to which he alerted a guard on E Block, where he was then confined, as well as the Unit Manager.

15. Plaintiff additionally submitted multiple sick call request slips, alerting the medical and correctional staff at BCCF that he was experiencing clear signs of mental illness.

16. Plaintiff was assured by the correctional staff at BCCF that several emails had been submitted to the Mental Health Unit, but at no point did he receive a mental health consultation or psychological evaluation.

17. On the morning of March 10, 2018 – approximately five days after Plaintiff began experiencing and complaining of the above symptoms – Plaintiff was found by a guard on his block using a razor to make severe lacerations on his arms, feet, and neck.

18. Plaintiff was transported to Doylestown Hospital, where he required extensive suturing to close his wounds.

19. Plaintiff has no independent recollection of inflicting these wounds to himself, as he had not slept for approximately five days prior to the incident.

20. One or more of Defendants John Doe #1 - 10 were aware of Plaintiff's worsening mental health condition in the days leading up to his suicide attempt, and/or had been notified by Plaintiff as to his worsening mental health condition, and disregarded his obvious need for mental health evaluation and treatment.

21. As a result of the actions and inactions of one or more Defendants, Plaintiff was caused to sustain severe pain, suffering, and permanent scarring.

## CLAIMS FOR RELIEF

### COUNT I
### Plaintiff v. Defendants Pirolli, Lagana, and John Does #1-10
### Federal Constitutional Violations

22. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

23. Defendants Pirolli, Lagana, and John Doe #1-10 were deliberately indifferent to Plaintiff's particular vulnerability to attempted suicide and thereby violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and/or his right to due process of law under the Fourteenth Amendment to the United States Constitution.

## COUNT II
### Plaintiff v. Defendants Bucks County and PrimeCare
### Federal Constitutional Violations

24. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

25. The violations of Plaintiff's constitutional rights under the Eighth and/or Fourteenth Amendments to the United States Constitution, Plaintiff's damages, and the conduct of the individual Defendants were directly and proximately caused by the actions and/or inactions of Defendants Bucks County and PrimeCare, which have, with deliberate indifference, failed to establish policies, practices, and procedures and/or have failed to properly train, supervise, and discipline their employees regarding the protection of suicidal prisoners and prisoners with mental health needs as outlined above.

## COUNT III
### Plaintiff v. Defendants PrimeCare and John Doe #1-10
### State Law Negligence Claims

26. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

27. Defendants John Doe #1-10 (the "Doe Defendants") had a duty to comply with generally accepted medical and mental health standards of care in their treatment of Plaintiff.

28. The Doe Defendants violated their duty of care.

29. The Doe Defendants' violation of their duty of care to Plaintiff was a direct and proximate cause and a substantial factor in bringing about Plaintiff's damages as outlined above, and the Doe Defendants are therefore liable to the Plaintiff.

30. Because the Doe Defendants were acting as agents, servants, and/or employees of Defendant PrimeCare, and because the Doe Defendants were acting within the course and scope of their employment, and under the direct control and supervision of Defendant PrimeCare, Defendant PrimeCare is liable to Plaintiff pursuant to the doctrine of *respondeat superior* liability.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests:

A. Compensatory damages as to all Defendants;

B. Punitive damages as to Defendants PrimeCare and John Doe #1-10;

C. Reasonable attorneys' fees and costs; and,

D. Such other relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff James Henry hereby demands a trial by jury in this action of all issues so triable.

Respectfully Submitted,

By: _____
Benjamin J. Simmons, Esq.
I.D. No. 314855
DEFINO LAW ASSOCIATES, P.C.
2541 S. Broad St.
Philadelphia, PA 19148
Ph: (215) 551-9099
Fax: (215) 551-4099